# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

v.  Criminal Action No. 2:13-cr-49-5

**DONNA IRONS,**
    **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Donna Irons, in person and by counsel, Harry A. Smith, III, appeared before me on April 3, 2014. The Government appeared by Andrew Coger, its Assistant United States Attorney. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Seven of the Indictment.

The Court proceeded with the Rule 11 hearing by first placing Defendant under oath.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government to summarize the written plea agreement and also asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was and counsel for Defendant confirmed the same. Counsel for Defendant also stated that the Government and Defendant had entered an agreement with respect to two issues that were not memorialized in the plea agreement. First, if Defendant should qualify for application of the "safety valve" reduction pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the Government would not object to Defendant asking the Court to consider that reduction. Second, the Government would not oppose Defendant remaining on pretrial release, and if Defendant should be sentenced to a period of incarceration, the Government would not object to her asking the Court to be permitted to self-report and be designated to a correctional facility close to her residence. The Government agreed with those

representations. Defendant stated that the agreement as summarized by counsel for the Government and as augmented by the representations provided by her counsel was correct and complied with her understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

The Court then inquired of Defendant whether she was a citizen of the United States. Defendant responded that she is a citizen. The undersigned asked Defendant whether she understood that if she were not a citizen of the United States, by pleading guilty to a felony charge she would be subject to deportation at the conclusion of any sentence; that she would be denied future entry into the United States; and that she would be denied citizenship if she ever applied for it. Defendant stated that she understood.

The Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear and accept her plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Donna Irons, only after having had his rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning

by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Seven of the Indictment and the elements the Government would have to prove, charging her with distribution of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(D). The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Count Seven of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her and understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than five (5) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood she would be subject to a period of at least two (2) years supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. She also understood that her sentence could be increased if she had a prior firearm offense, violent felony conviction, or prior drug conviction. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned also reviewed with Defendant her waiver of appellate rights as follows:

Ct. Did you discuss with Mr. Smith and did you understand from that discussion that under 18 U.S.C. § 3742, you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals by giving notice of intent to do so within 14 days of sentencing?

Def. Yes.

...

Ct.   Did you and Mr. Smith discuss and did you understand from that discussion that under 28 U.S.C. § 2255, you may file a motion collaterally attacking or challenging the sentence and how that sentence is being carried out, executed?

Def.  Yes.

Ct.   Did you understand that the motion under 28 U.S.C. § 2255 is what we commonly call a writ of habeas corpus type motion?

Def.  Yes.

Ct.   Did you understand from your agreement, paragraph 11, that if your actual sentence that is imposed by the District Judge is the same as or equal to–in other words, within an advisory Guidelines sentence range corresponding to a base offense level of 16 or lower, under those advisory sentencing Guidelines, then you give up your right to appeal that conviction and sentence to the Fourth Circuit?

Def.  Yes.

Ct.   Do you also understand that you waive your right to challenge the sentence or the manner in which it was determined in any collateral attack, including a motion filed under 28 U.S.C. § 2255?

Def.  Yes.

Ct.   Did you intend to give up those two valuable direct and indirect appeal rights I just mentioned in accord with the conditions set forth in paragraph 11 in your plea agreement?

Def.  Yes.

Ct.   Did you fully understand that paragraph when you signed the plea agreement?

Def.  Yes.

Ct. Has anything about your understanding of that paragraph changed since you signed it on March 7th and today?

Def. No.

From the foregoing colloquy the undersigned determined that Defendant understood her appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it, along with the two representations discussed above, contained the whole of her agreement with the Government and promises or representations were made to her by the Government or other persons, including her own attorney, other than those terms contained in the written plea agreement and the two oral representations discussed above.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Seven of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Seven of the Indictment. Only after the District Court had

an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant acknowledged her understanding and Defendant maintained her desire to have her plea of guilty accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not have a right to withdraw her guilty plea. Defendant further stated her attorney showed her how the advisory guideline chart worked but did not promise her any specific sentence at the time of sentencing. Defendant stated that she understood her attorney could not predict or promise her what actual sentence she would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant, Donna Irons, with the consent of her counsel, Harry A. Smith, III, proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count Seven of the Indictment.

The Court then heard the testimony of West Virginia State Police Corporal John Wayne Smith, Jr., who is currently assigned to the Bureau of Criminal Investigations. Corporal Smith testified that he had reviewed the materials memorializing the offense charged against Defendant in Count Seven of the Indictment. On October 28, 2010, a confidential informant ("CI"), working under the direction of Sergeant Sylvester of the Greater Harrison County Drug and Violent Crimes Task Force,[1] made a controlled purchase of marijuana from Defendant. The controlled purchase occurred at Defendant's residence at 235 Clay Street in Clarksburg, West Virginia, within the Northern District of West Virginia. The CI bought six (6) ounces of marijuana from Defendant for $500.00. The West Virginia State Police laboratory confirmed that the substance sold by Defendant contained marijuana.

Defendant stated she heard, understood, and did not disagree with Corporal Smith's testimony. The undersigned United States Magistrate Judge concludes the offense charged in Count Seven of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by Corporal Smith's testimony.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count Seven of the Indictment; Defendant understood the consequences of her plea of guilty, in particular the maximum statutory penalty to which she would be exposed; Defendant made a knowing and voluntary plea of guilty to Count Seven of the Indictment; and Defendant's plea is independently supported by Corporal

---

[1] At the time of the offense, the task force was called the Harrison/Lewis County Drug and Violent Crimes Task Force.

Smith's testimony, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to Count Seven of the Indictment and finds her guilty on said charge as contained in Count Seven of the Indictment.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is released pursuant to the Order Setting Conditions of Release previously entered in this matter.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: April 3, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE