IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                  Criminal Action No. 2:13-CR-49-5
                                                                (JUDGE KLEEH)

DONNA IRONS,

      Defendants.

**REPORT AND RECOMMENDATION RECOMMENDING DEFENDANT IRONS'
MOTION FOR EXPUNGEMENT OF RECORDS [ECF NO. 297] BE DENIED**

On September 22, 2022, Defendant Donna Irons ("Ms. Irons") filed a Motion, ECF No. 297, requesting that her federal conviction be expunged so that she may serve as a foster parent. Thereafter, by Order, ECF No. 298, the Honorable Thomas S. Kleeh, United States District Judge, referred Ms. Irons' motion to the undersigned U.S. Magistrate Judge to consider the record and enter a Report and Recommendation as to the appropriate disposition of the motion. The undersigned is also in receipt of a letter submitted to the Court on Ms. Irons' behalf on September 23, 2022. ECF No. 299.

Upon consideration, for the reasons stated herein, the undersigned now **RECOMMENDS** that Ms. Irons' Motion for Expungement of Records, ECF No. 297, be **DENIED**.

          **I.**        **FACTUAL AND PROCEDURAL BACKGROUND**

On September 19, 2014, Defendant Donna Irons was found guilty on Count Seven of the underlying Indictment, charging her with Distribution of Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and sentenced to a term of imprisonment of twelve (12) months and one (1) day, with credit for time served, no fines or restitution, three (3) years of supervised release, and a mandatory special assessment of one hundred dollars ($100).

1

ECF Nos. 175, 176. Upon motion of the United States, Defendant Irons was dismissed from Counts One and Six of the Indictment. *Id.*

Thereafter, on March 19, 2015, based upon a change of circumstances and pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, an Amended Judgment was entered, and Defendant Donna Irons was sentenced to a term of five (5) years of probation, a mandatory special assessment of one hundred dollars ($100), and no fine or restitution. ECF No. 200.

On March 19, 2020, the Court entered an Order explaining that Defendant Irons' period of probation/supervised release had expired, and Defendant Irons had complied with her conditions of probation/supervised release. ECF No. 291. The Court thus ordered that Defendant Donna Irons be discharged from probation/supervised release and that this case be terminated. *Id.*

On September 22, 2022, Ms. Irons filed a letter/motion with the Court requesting that her federal conviction be expunged so that she may serve as a foster parent to a child in need in Harrison County, West Virginia. Ms. Irons specifically states:

> On August 15th, I was contacted by Sara Mendez with CPS of Harrison County, WV. They contacted [me] about taking custody of [ZP][1] who is my son's friend. CPS had removed him and his siblings from their mom's custody. All the others were placed with family – no one could take [ZP] so he requested to stay with me. I agreed to take [ZP] into my home. He has been here over a month, he is making great grades this year, [and] he even got his permit. Today I received a phone call that [ZP] cannot stay in my home [due] to my conviction. I take full responsibility for my mistakes, but I am asking you to please expunge my record so that I can help [ZP] and other kids in the future. I never thought I would be writing this letter, but I also never thought about being a foster parent. If granted this expungement, I plan to work with CPS in the future to help other kids. I would also like to move up the ladder at work. I will not let you down if you grant this request.

ECF No. 297 at 1-2.

---

[1] Because Ms. Irons' letter/motion included the full name of a minor child, the undersigned directed that it be sealed pursuant to the E-Government Act of 2002, Fed. R. Crim P. 39.1, and LR Gen P 5.08. *See* ECF No. 297. In accordance with the same, the undersigned will only refer to the minor child by his initials in this Report and Recommendation.

On the same day, the Court, by Chief District Judge Thomas S. Kleeh, entered an Order, ECF No. 298, referring Ms. Irons' letter/motion to the undersigned U.S. Magistrate Judge for consideration and for entry of a report and recommendation as to the appropriate disposition of the motion. *Id*.

Additionally, on the same day, the Court received a letter submitted on Ms. Irons' behalf written by Rickey Grant. ECF No. 299. In this letter, Mr. Grant advises the Court that he has known Ms. Irons since 2000 and, over the years, Ms. Iron has assisted him and his family while he was pursuing his career as a professional airline pilot. Mr. Grant further states that Ms. Irons has "went out of her way multiple times to drop off/pickup my son from the [regional airport]" and recently "assisted . . . with purchasing a Subaru for my son . . . , so he could better attend to his studies at WVU." *Id*. Mr. Grant asserts that "[m]y success and my son's future success is partly because of Donna Irons. Given my experience with Donna, I can honestly say, the care that she gives to these foster young boys and girls will go a long way in securing their future." *Id*.

## II.     ANALYSIS

In the words of American television host, author, and producer Fred Rogers, "Anyone who does anything to help a child in his life is a hero to me." As an initial matter, the undersigned would thank Ms. Irons for her generosity in taking ZP into her home and caring for him during this difficult time in his life.

However, no statute, regulation, caselaw, or other provision authorizes this Court to order the expungement of a federal conviction and related records as requested by Ms. Irons. The law among the circuits indicates that a federal court has only very limited discretionary power to order the expungement of records and that the authority to do so is a narrow one which is reserved for the most unusual or exceptional cases. *See* United States v. Noonan, 906 F.2d 952, 956 (3rd Cir.

1990); United States v. Doe, 556 F.2d 391, 393 (6th Cir. 1977); United States v. Linn, 513 F.2d 925, 927 (10th Cir. 1975); see also Sealed Appellant v. Sealed Appellee, 130 F.3d 695, 697 (5th Cir.1997); United States v. Smith, 940 F.2d 395, 396 (9th Cir. 1991) (*per curiam*); and Geary v. United States, 901 F.2d 670, 679-80 (8th Cir. 1990). The Fourth Circuit has specifically held that expungement is only appropriate in "extreme or exceptional circumstances." See, *e.g.*, United States v. Salleh, 863 F.Supp. 283, 283–84 (E.D.Va.1994) (quoting Coles v. Levine, 561 F.Supp. 146, 153 (D.Md.1983), *aff'd*, 725 F.2d 674 (4th Cir.1984) ("[C]ourts ... have inherent equitable power to order the expungement of criminal records [,] ... [but] such power is of 'exceedingly narrow scope.'"); Allen v. Webster, 742 F.2d 153, 155 (4th Cir. 1984); Woodall v. Pettibone, 465 F.2d 49, 52 (4th Cir. 1972).

Additionally, in two recent, but unpublished, decisions, the Fourth Circuit has indicated that federal courts cannot invoke ancillary jurisdiction to expunge judicial records in criminal cases. See United States v. Mettetal, 714 Fed.Appx. 230 (2017) ("[The p]etition for equitable expungement of . . . criminal records does not implicate . . . the exercise of ancillary jurisdiction, and we join the unified front of circuit authority in rejecting [t]his claim[.]"); United States v. Happel, 770 Fed.Appx. 147 (2019) ("[F]ederal ancillary jurisdiction does not extend to petitions for equitable expungement.")

Again, the general rule is "records of valid arrests, indictments, or convictions ordinarily may not be expunged." Kwiatecki v. United States, No. CV JKB-16-1360, 2016 WL 2770518, at *1 (D. Md. May 12, 2016) (citing United States v. Schnitzer, 567 F.2d 536, 540 (2d Cir. 1977)). See also United States v. Banks, No. 2:90-CR-38, 2022 WL 412933, at *1 (N.D.W. Va. Feb. 10, 2022) (Kleeh, J.) (finding this Court had no ancillary jurisdiction to grant expungement motion and further finding no exceptional circumstances). There are limited contexts in which

4

expungement may be permitted. These include, for example, expungement for overturned convictions and inaccurate government records. *See e.g..* 10 U.S.C. §1565(e) (DNA analysis), 42 U.S.C. § 12592(d) (DNA analysis), 18 U.S.C. § 3607(c) (information as to younger drug offenders), and 5 U.S.C. § 552a(g) (inaccurate agency records). *See also* Allen v. Webster, 742 F.2d 153, 154-155 (4th Cir. 1984) (unlawful arrest or government's agency misconduct may constitute exceptional circumstances for the purposes of expungement).

Here, Ms. Iron requested that her record be expunged so she may continue to help ZP and can serve as a foster parent for other children in Harrison County, West Virginia in the future. While the undersigned is sympathetic to Ms. Irons' request and appreciates the difficult collateral consequences of felony convictions, Ms. Irons' situation does not constitute "extreme" or "exceptional" circumstances. "Indeed, where, as here, a conviction is constitutionally valid and upheld, it is difficult to imagine circumstances warranting expungement." United States v. Masciandaro, 648 F. Supp. 2d 779, 794 (E.D. Va. 2009), *aff'd on other grounds*, 638 F.3d 458 (4th Cir. 2011).

Even construing the *pro se* motion most liberally and generously, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), there is no jurisdiction to grant Ms. Irons' motion and, further, the undersigned finds the Ms. Irons has not articulated any unusual or exceptional circumstances which may merit expungement.

### III.    RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that, under this Court lacks ancillary jurisdiction to grant Ms. Irons' motion and further **FINDS** that Ms. Irons has not established exceptional circumstances to merit expungement as requested. Accordingly, the undersigned respectfully **RECOMMENDS** Defendant Irons' Motion for Expungement [ECF

5

No. 297], should be **DENIED**.

Any party shall have **fourteen days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed **ten (10) typewritten pages or twenty (20) handwritten pages**, **including exhibits**, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to Donna Irons, 229 Bond St., Clarksburg, WV 26301, by certified mail, and, all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: September 26, 2022.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE